OPINION ON REHEARING



**ATTORNEYS FOR APPELLANTS**

Alice M. Morical
Michael A. Dorelli
Patrick A. Ziepolt
Hoover Hull Turner LLP
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

R. Brock Jordan
Christopher M. Trapp
Katz Korin Cunningham PC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher J. McElwee and Monday McElwee Albright f/k/a Monday Jones Albright, Attorneys at Law, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Michael Fish, <br><br> *Appellee-Plaintiff* | January 21, 2020 <br><br> Court of Appeals Case No. 18A-CT-2664 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Gary L. Miller, Judge <br><br> Trial Court Cause No. 49D03-1803-CT-8543 |

**Sharpnack, Senior Judge.**

[1] Michael Fish ("Fish") has petitioned for rehearing, which we grant for the limited purpose to address the argument of the petition. Fish contends that we wrongly decided that the statute of limitations on his cause of action against Christopher J. McElwee and Monday McElwee Albright f/k/a Monday Jones

Albright, Attorneys at Law (collectively "McElwee") began to run on February 29, 2016, the date he learned that McElwee had transferred to 2444 Acquisitions, LLC ("Acquisitions") the surplus tax sale funds he had been ordered by the bankruptcy court to hold pending court order. Fish contends that the correct date for the beginning of the limitations period was May 9, 2016, the date the trial court in the foreclosure action ordered Acquisitions to turn the surplus funds over to Fish.

[2] Fish argues, in effect, that until the foreclosure court ordered the turn over, he had no cause of action against McElwee.

[3] We do not agree.

[4] In the bankruptcy court, Fish made claim against the county officials who held the surplus tax sale funds and Acquisitions to have the surplus funds paid over to Fish. The bankruptcy court order directed the county officials to deposit the surplus funds with McElwee to hold pending further court order. The county treasurer and auditor were thus relieved of any further responsibility for the funds.

[5] Transfer of the surplus by McElwee to his firm and Acquisitions effectively created two causes of action for Fish: one against Acquisitions for the surplus funds now in its possession; and one against McElwee for unlawful transfer of the funds to Acquisitions. Success in each had a common requirement that Fish was entitled to the surplus funds.

[6] Because the surplus tax sale funds were no longer held by the county treasurer and auditor, the administrative procedure set out in Indiana Code section 6-1.1-24-7 did not apply. As this court noted in affirming the trial court order against Acquisitions to turn over to Fish the surplus tax sale funds, the administrative process was not the only way to claim surplus tax sale funds and a claimant could go directly to the trial court. *2444 Acquisitions, LLC v. Fish*, 84 N.E.3d 1211, 1215 (Ind. Ct. App. 2017).

[7] Indiana Trial Rule 20(A)(2) permits joinder of defendants,

> if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect or, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

[8] Indiana Trial Rule 18(A) permits joinder of claims as follows:

> A party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, whether legal, equitable, or statutory as he has against an opposing party.

[9] Acquisitions had the surplus tax sale funds claimed by Fish because McElwee had transferred them to it. McElwee was no longer holding those surplus tax sale funds because he had transferred them to Acquisitions.

[10] Under the rules, Fish could have made his claims against McElwee and Acquisitions as a consequence of the transfer by McElwee and Fish's claim to the surplus tax sale funds in one action. There was nothing to prevent Fish

filing an action against McElwee prior to an adjudication of his right to the surplus tax sale funds. Judicial economy would be served by joining the claims in one action.

[11] Fish's cause of action against McElwee accrued on February 20, 2016. His claim filed on March 1, 2018 is barred by the statute of limitations.

[12] With this additional discussion, we affirm our opinion of October 31, 2019. *See McElwee, et al. v. Fish*, 134 N.E.3d 1057 (Ind. Ct. App. 2019). We remand to the trial court to grant McElwee's motion to dismiss.

Bradford, C.J., concurs.

Brown, J., dissents with separate opinion.



FILED

Jan 21 2020, 8:39 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Alice M. Morical
Michael A. Dorelli
Patrick A. Ziepolt
Hoover Hull Turner LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

R. Brock Jordan
Christopher M. Trapp
Katz Korin Cunningham PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher J. McElwee and Monday McElwee Albright f/k/a Monday Jones Albright, Attorneys at Law, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Michael Fish, <br><br> *Appellee-Plaintiff* | January 21, 2020 <br><br> Court of Appeals Case No. 18A-CT-2664 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Gary L. Miller, Judge <br><br> Trial Court Cause No. 49D03-1803-CT-8543 |

**Brown, J., dissenting from grant of petition for rehearing.** I would grant rehearing for the purpose of affirming the trial court, in accordance with my dissent expressed in the October 31, 2019 opinion in this case.